UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jingrui Wang,<br><br>        Plaintiff,<br><br>   - against -<br><br>Orient House Chinese Restaurant Inc. D/B/A Orient House Chinese Restaurant, Xiping Hou, and Junfeng Hou,<br><br>        Defendants. | **Case No.** |

# COMPLAINT

## PRELIMINARY STATEMENT

1. This action is brought by Plaintiff, Jingrui Wang ("Plaintiff"), against Defendants, Orient House Chinese Restaurant Inc. D/B/A Orient House Chinese Restaurant ("Corporate Defendant" or "Orient House Chinese Restaurant"), Xiping Hou, and Junfeng Hou, (collectively, "Defendants") for violations of Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Wisconsin Statutes & Annotations § 103.02 ("Wis. Stat."), and Wisconsin Administrative Code, Department of Workforce Development § 274.03 ("Wis. Admin. Code DWD"), to recover unpaid overtime compensation, arising from Defendants' various willful and unlawful employment policies, patterns, and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and the Wisconsin state law by engaging in a pattern

and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) hours each workweek.

3. Plaintiff alleges that pursuant to FLSA § 216(b), he is entitled to recover from Defendants: (1) unpaid overtime compensation; (2) liquidated damages equal to the sum of unpaid overtime compensation; (3) prejudgment and post-judgment interest, and (4) attorney's fees and costs.

4. Plaintiff further alleges that pursuant to Wis. Stat. §§ 109.03 (5) - (6), and 109.11 (2)(a), he is entitled to recover from Defendants: (1) unpaid overtime compensation; (2) liquidated damages equal to 50 percent of the sum of unpaid overtime compensation; (3) prejudgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Wisconsin state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this district, and the acts and omissions giving rise to the claims herein alleged took place in this district.

## PARTIES

## PLAINTIFF

7. Plaintiff Jingrui Wang (hereinafter "Plaintiff") is an individual who resides in Queens County, New York.

8. From on or around September 1, 2019, to April 13, 2021, and August 29, 2022, to

June 3, 2025, Plaintiff was employed by Defendants as a Stir-Frying Chef at Orient House Chinese Restaurant, located at 626 S Park St., Madison, WI 53715.

9. During his employment with Defendants, in addition to his primary responsibility as a Stir-Frying Chef, Plaintiff was also required to perform various side works, including but not limited to, moving goods, preparing ingredients, cleaning the stove area, cleaning the pots, and replacing cooking oil.

## DEFENDANTS

*Corporate Defendant*

10. Upon information and belief, Corporate Defendant owns and operates a restaurant named Orient House Chinese Restaurant located at 626 S Park St., Madison, WI 53715.

11. Upon information and belief, Corporate Defendant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce.

13. Corporate Defendant was an employer within the meaning of Wis. Stat. §§ 109.01 et seq., 103.001 et seq., 104.01 et seq., Wis. Admin. Code §§ DWD 272.001 et seq., Wis. Admin. Code §§ DWD 274.01 et seq.

14. At all times relevant herein, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendant.

*Individual Defendants*

**Xiping Hou**

16. Defendant Xiping Hou is an adult resident of Wisconsin.

17. Defendant Xiping Hou is the owner, shareholder, officer, director, and/or managing agent of Corporate Defendant.

18. Defendant Xiping Hou participated in the day-to-day operations of Corporate Defendant.

19. Defendant Xiping Hou was an employer pursuant to 29 U.S.C. § 203 (d) and Wis. Stat. §§ 109.01 et seq., 103.001 et seq., 104.01 et seq., Wis. Admin. Code §§ DWD 272.001 et seq., Wis. Admin. Code §§ DWD 274.01 et seq., and is jointly and severally liable with Corporate Defendant.

20. Defendant Xiping Hou is the owner of the Corporate Defendant and is responsible for managing and making all business decisions, including but not limited to hiring and firing employees. This is evidenced by him personally calling to interview and subsequently hire Plaintiff for his first employment period with Defendants, supervising all employees' work, setting work schedules, including Plaintiff's, calculating and issuing employee wages, and maintaining records of employees' working hours.

**Junfeng Hou**

21. Defendant Junfeng Hou is an adult resident of Wisconsin.

22. Upon information and belief, Defendant Junfeng Hou is the owner, shareholder, officer, director, and/or managing agent of Corporate Defendant.

23. Defendant Junfeng Hou participated in the day-to-day operations of Corporate Defendant.

24. Defendant Junfeng Hou was an employer pursuant to 29 U.S.C. § 203 (d) and Wis. Stat. §§ 109.01 et seq., 103.001 et seq., 104.01 et seq., Wis. Admin. Code §§ DWD 272.001 et seq., Wis. Admin. Code §§ DWD 274.01 et seq., and is jointly and severally liable with Corporate Defendant.

25. Upon information and belief, Defendant Junfeng Hou is the owner of the Corporate Defendant and is responsible for managing and making all business decisions, including but not limited to hiring and firing employees. This is evidenced by her personally calling to hire Plaintiff for his second employment with Defendants, and calculating and issuing employee wages.

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff's lawfully earned overtime compensation.

## STATEMENT OF FACT

27. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

28. Defendants knew that the nonpayment of overtime compensation would financially injure Plaintiffs and violate federal and state laws.

29. From on or around September 1, 2019, to April 13, 2021, and again August 29, 2022, to June 3, 2025, Plaintiff was employed as a Stir-Frying Chef by Defendants, at 626 S Park St., Madison, WI 53715.

30. During his employment, in addition to Plaintiff's primary responsibility of stir frying, he was also required to perform other tasks, including but not limited to moving goods, preparing ingredients, cleaning the stove area, cleaning the pots, and replacing cooking oil.

31. Throughout his entire employment with Defendants, Plaintiff worked six (6) days per week, with Tuesday off.

32. On Monday, Wednesday, Thursday, and Friday, Plaintiff typically worked from approximately 10:00 am to 9:15 pm. On Saturday and Sunday, Plaintiff worked approximately from 9:30 am to 9:15 pm. On the days he worked, Plaintiff did not have any uninterrupted break. Accordingly, Plaintiff worked approximately sixty-eight and a half (68.5) per week during this period.

33. From September 2019 to December 2019, Plaintiff was paid at a fixed rate of $3,900 per month, regardless of how many hours he worked.

34. From 2020 to 2021, Plaintiff was paid at a fixed rate of $4,000 per month, regardless of how many hours he worked.

35. From 2022 to 2023, Plaintiff was paid at a fixed rate of $5,000 per month, regardless of how many hours he worked.

36. From 2024 to 2025, Plaintiff was paid at a fixed rate of $6,000 per month, regardless of how many hours he worked.

37. Defendants did not compensate Plaintiff for overtime compensation as required by state and federal laws.

38. Defendants did not have any timekeeping system to properly record Plaintiff's hours worked, and they did not require Plaintiff to record his hours worked.

39. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

40. Defendants knew that the nonpayment of overtime compensation would economically injure Plaintiff by violating federal and state laws.

41. While employed by Defendants, Plaintiff was not exempt from federal laws requiring employers to pay employees overtime.

42. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

43. Defendants failed to pay Plaintiff in a statutorily timely manner.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage]

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of the FLSA, U.S.C. §§206(a) and 207(a).

46. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

47. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

48. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

49. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

50. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

51. At all relevant times, Defendants had, and continue to have, a policy or practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

52. The FLSA and supporting regulations require employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

53. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II

### [Violation of Wisconsin Law— Overtime Wage]

55. Plaintiff reasserts and re-alleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

56. Plaintiff was employee within the meaning of Wis. Stat. §§ 109.01 et seq., 103.001 et seq., 104.01 et seq., Wis. Admin. Code §§ DWD 272.001 et seq., Wis. Admin. Code §§ DWD 274.01 et seq.

57. Defendants were employers within the meaning of Wis. Stat. §§ 109.01 et seq., 103.001 et seq., 104.01 et seq., Wis. Admin. Code §§ DWD 272.001 et seq., Wis. Admin. Code §§ DWD 274.01 et seq.

58. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

59. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum and overtime wages.

60. As set forth above, Plaintiff has not received legally required compensation as a result of Defendants' violations. Accordingly, Plaintiff is entitled to damages in the amount of his respective unpaid overtime compensation.

61. Under Wis. Stat. § 109.11, Plaintiff is entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

62. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the Wisconsin law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and Wisconsin State Law;

b) An injunction against Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid overtime wages due under FLSA;

    d)    An award of liquidated and punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216 and Wisconsin State Law;

    e)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

    f)    The cost and disbursements of this action;

    g)    An award of prejudgment and post-judgment fees;

    h)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself, demands a trial by jury of all claims as to which he has a right to trial by jury.

Dated:    November 17, 2025
              Flushing, New York

Respectfully Submitted,
**HANG & ASSOCIATES, PLLC**
*/s/ Yingying Ren*
Yingying Ren, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Email: yren@hanglaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jingrui Wang,<br><br>                       Plaintiff,<br><br>- against -<br><br>Orient House Chinese Restaurant Inc. D/B/A Orient House Chinese Restaurant, Xiping Hou, and Junfeng Hou,<br><br>                       Defendants. | **Case No.** |

## **COMPLAINT**

HANG & ASSOCIATES, PLLC

By: */s/ Yingying Ren*
Yingying Ren, Esq.
136-20 38th Ave, Suite 10G
Flushing, New York 11354
Tel: (718) 353-8588
Email: yren@hanglaw.com
*Attorneys for Plaintiff*